UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEWIS C. BROWN and JEROME Z. MACE, | Civil Action |
| Plaintiffs, | No. 20-07002 (CPO) |
| v. | |
| DENNIS QUINN, et al., | OPINION |
| Defendants. | |

**Appearances:**

Lewis C. Brown, Savannah, GA, pro se.

Jerome Z. Mace, Egg Harbor Township, NJ, pro se.

O'HEARN, United States District Judge:

**THIS MATTER** comes before the Court by way of Plaintiff, Lewis C. Brown's Motion for Default Judgment against Defendant, Dennis Quinn. (ECF No. 17). For the reasons set forth herein, the Court will **DENY** Plaintiff's Motion without prejudice, vacate the entry of default, and grant an additional sixty (60) days for Plaintiff to effect proper service upon all remaining Defendants pursuant to Federal Rule of Civil Procedure 4(e).

**I.    BACKGROUND**

On June 8, 2020, Plaintiffs, Lewis C. Brown and Jerome Z. Mace, filed their Complaint against Defendants, Dennis Quinn, Ryan Van Syckle and the City of Pleasantville. (ECF No. 1 "Complaint"). The Complaint alleges that Defendants arrested Brown on May 4, 2018, without probable cause and with knowledge that he had not violated any laws. (*Id.* ¶ II(D)). It further

alleges that Defendants "conspired to arrest and wrongly confine" both Plaintiffs Brown and Mace for several months. (*Id.*). Plaintiffs also sued the City of Pleasantville alleging it was aware of the unconstitutional actions of its employees. (*Id.*). Regarding injuries, Plaintiff Brown asserts that the months he spent in jail before the charges against him were eventually dismissed, caused him mental anguish, stress, and loss of wages. (*Id.*).

Plaintiffs filed an application to proceed *in forma pauperis* which was granted on October 14, 2020. (ECF Nos. 1-2, 1-3, and 4). On review of the Complaint, as required by 28 U.S.C. § 1915(e)(2)(B) when permitting a plaintiff to proceed *in forma pauperis*, the Court sua sponte dismissed the claims as to the City of Pleasantville and the remaining Defendants in their official capacities; it permitted Plaintiffs to proceed with their claims for false arrest and false imprisonment against Defendants, Quinn and Van Syckle, in their individual capacities. (ECF No. 3 "Opinion").

### A. Service of Process

The Court issued summonses as to Defendants Quinn and Van Syckle on December 2, 2020. (ECF No. 8). The docket indicates that Plaintiff Brown attempted to serve Defendant Quinn two times.

First, the U.S. Marshals Service attempted to personally serve Defendant Quinn on December 4, 2020. (ECF No. 10). The summons indicates that the Marshal was unable to effect service because Defendant Quinn no longer worked at the address provided. (ECF No. 10).

Second, Plaintiff Brown attempted to use a private process server to serve Quinn on May 24, 2021. (ECF Nos. 12 and 15). The summons indicates that service was effected on "Kevin Carnall," and the section of the Proof of Service was completed indicating that Mr. Carnall was designated to accept service of process of behalf of "Dennis Quinn – NJ State Police." (ECF No.

2

15). The Proof of Service further states in handwriting "served at NJ State Police Headquarters, River Road (Route 175) Trenton, NJ." (ECF No. 15). This is the service on which Plaintiff Brown relies upon in seeking a default judgment. (ECF No. 17).

To date, Defendant Quinn has not answered the Complaint. As a result, Plaintiff Brown requested, and received, an entry of default by the Clerk on August 2, 2021. (ECF No. 16). Plaintiff Brown now requests that the Court issue an order directing entry of a judgement of default against Quinn. (ECF No. 17 "Motion for Default Judgment").

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a default judgment against a properly served defendant who fails to respond. "Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)).

"[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). And while courts liberally construe "the pleadings and the complaints of pro se plaintiffs . . . [they] must follow the rules of procedure and the substantive law." *Khater v. Puzino Dairy, Inc.*, 2015 WL 4773125, at *3 (D.N.J. Aug. 12, 2015) (quoting *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del. 2007)). There are two ways to effectuate proper service under the federal rules. First, service is proper when it complies with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Pursuant to New Jersey Rule 4:4–4(a)(1), service on an individual must be made:

> [B]y delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of

abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf.

Second, service is proper when a copy of the summons and complaint are (A) delivered to the individual personally; (B) left at the "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; (C) delivered to an agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e).

### III. DISCUSSION

Upon review of the Summons and affidavit from Plaintiff Brown, the Court concludes that Defendant Quinn was not properly served in any of the ways permitted by Federal Rule of Civil Procedure 4(e). First, the Summons clearly indicates that Quinn was not personally served. (ECF No. 15). Second, service of process on Carnall at what appears to be Quinn's place of employment, the New Jersey State Police Headquarters in Trenton, is not proper as a matter of law. Delivering service to an employer's office is not delivery to an individual's dwelling place. *Reddy v. MedQuist, Inc.*, 2009 WL 2413673, at *4 (D.N.J. 2009) (citing Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1096, at 522 (3d ed. 2002)); *Blount v. TD Bank*, 2021 WL 2651760, at *6 (D.N.J. June 28, 2021) ("Courts applying New Jersey law have repeatedly found that serving an individual not specifically authorized to accept service on behalf of a defendant at that defendant's place of employment is insufficient under NJ Court R. 4:4-4(a)(1).").

Third, Plaintiff Brown has not provided any evidence and there is nothing in the record to establish that Carnall is an eligible agent to receive process on behalf of Defendant Quinn. The plaintiff bears the burden of showing that an agency relationship existed. *Dunkley v. Rutgers*, 2007 WL 2033827, at *2 (D.N.J. July 11, 2007) (citing *Local 617, Int'l Bhd. Of Teamsters, Chauffers, Warehousmen & Helpers of Am. v. Hudson Bergen Trucking Co.*, 440 A.2d 18, 19–20 (N.J. App.

Div. 1981)). Two types of agents are eligible to receive process: those authorized by appointment and those authorized by law. *Local 617*, 440 A.2d at 19–20 (citing James William Moore, *Moore's Federal Practice* § 4–186 to § 4–188 (2d ed. 1979)). Service upon an agent tends to be strictly construed, requiring "an actual appointment for the specific purpose of receiving process." *Nyholm v. Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009) (quoting *Dunkley*, 2007 WL 2033827, at *2). "[I]n the absence of an express agreement between the agent and principal or in the absence of circumstances which clearly show that such an agreement was intended by the parties, authorization to accept service of process on behalf of a corporation or an individual would not be deemed to exist." *Local 617*, 440 A.2d at 20.

For example, in *James v. City of Jersey City*, a plaintiff attempting to serve process on a police officer certified that he was instructed by the Chief Officer at the police department that the police department would accept service on behalf of the defendant officer. 187 F.R.D. 512, 514 (D.N.J. 1999). The Court found the Chief Officer's statements to be "inapposite" and declined to find proper service since (1) "plaintiff does not assert that a member of the [police department] is authorized by law to accept service for any other member of the department;" and (2) "[t]here is nothing in the record to suggest that [the defendant officer] appointed or authorized any member of the [police department] to serve as his agent for receipt of process." *Id.* at 516.

Here, service is improper for substantially the same reasons. Plaintiff Brown has provided no argument or statutory support for the proposition that Carnall was authorized by law to receive service of process for the New Jersey State Police or its officers such as Defendant Quinn, nor has he provided evidence by affidavit or otherwise to suggest that there was an independent agency relationship between Carnall and Defendant Quinn. In the absence of any facts in the record to

suggest an agency relationship for receipt of process existed, the Court cannot conclude that Carnall was authorized by appointment or by law to receive service on behalf of Defendant Quinn.

### IV.     CONCLUSION

Thus, since there has not been proper service upon Defendant Quinn, Plaintiff Brown's Motion for Default Judgment is denied without prejudice. The Clerk will be directed to vacate the entry of default. Finally, Plaintiff Brown will be granted leave to effectuate proper service upon all Defendants within sixty (60) days of the date of this Order. Since it has been more than ninety (90) days since the Complaint was filed and Plaintiff Brown has failed to properly serve Defendant Quinn, or any other Defendant, failure to effect service will result in the dismissal of Plaintiff Brown's claims pursuant to Federal Rule of Civil Procedure 4(m). An appropriate Order will follow.


Date: December 7, 2021                                 s/ Christine P. O'Hearn
                                                                                       CHRISTINE P. O'HEARN, U.S.D.J.