UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEWIS C. BROWN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DENNIS QUINN, et al.,<br><br>    Defendants. | Civil Action<br>No. 20-7002 (CPO) (AMD)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Before the Court is Defendant Quinn's motion to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 29.) For the following reasons, the Court will grant the motion to dismiss in part, dismiss without prejudice the claims against Defendant Quinn, and *sua sponte* dismiss without prejudice the claims against Defendant Van Syckle.

### I.    BACKGROUND[1]

This case arises from Plaintiff Brown and Plaintiff Mace's arrest, and subsequent detention, at the Atlantic County Jail. (ECF No. 1, at 4.) The Complaint alleges that the remaining Defendants, Defendants Quinn and Van Syckle, arrested Plaintiffs "absent probable cause"[2] and confined them to "the Atlantic County Jail for months even though they knew that [Plaintiffs] did not violate any laws." (*Id.*) The Complaint contends that Defendants "knew [that] they had an arrest warrant for another individual but chose to arrest and confine" Plaintiffs instead. (*Id.*)

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this Opinion only. The Court has made no findings as to the veracity of Plaintiffs' allegations.

[2] The Complaint alleges that May 4, 2018, is Plaintiff Brown's date of arrest, but does not specify Plaintiff Mace's date of arrest. (ECF No. 1, at 4–5.)

"When advised that they were arresting the wrong individual(s) the defendants ignored the facts and wrongfully imprisoned" the Plaintiffs. (*Id.*) The Complaint contains no further factual details.

Plaintiffs filed the instant Complaint on June 8, 2020, raising false arrest and false imprisonment claims under the Fourth Amendment. In an earlier Order, Judge Bumb dismissed the official capacity claims against Defendants Quinn and Van Syckle, dismissed without prejudice the claims against the City of Pleasantville, and allowed Plaintiffs' Fourth Amendment claims to proceed against Defendants Quinn and Van Syckle, in their individual capacities. (ECF Nos. 3, 4.)

It is unclear whether Plaintiffs successfully served Defendant Van Syckle, (ECF No. 9), but Defendant Quinn waived personal service of the Complaint and accepted service through counsel. (ECF No. 29-1, at 7.) Defendant Quinn filed a motion to dismiss the claims against him pursuant to Rule 12b(6), (ECF No. 29), Plaintiffs filed an Opposition,[3] (ECF Nos. 30, 33), and Defendant Quinn filed a Reply, (ECF No. 34).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[3] Plaintiffs filed two different oppositions, but they are the same document. (ECF Nos. 30, 33.)

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

### III.  DISCUSSION

Plaintiffs raise claims against Defendant Quinn pursuant to 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs allege that Defendant Quinn subjected them to false arrest and false imprisonment, in violation of the Fourth Amendment.

#### A.  Statute of Limitations

As a preliminary matter, Defendant Quinn contends that the statute of limitations bars Plaintiffs' claims. More specifically, Defendant Quinn argues that the Complaint is deficient "because it is not clear whether they are barred by the two-year statute of limitations." (ECF No. 29-1, at 9.) He emphasizes that the Complaint "failed to plead the dates [Plaintiffs] were released from confinement or the date[s] when they were confined pursuant to legal process." (*Id.*)

Under our jurisprudence, although § 1983 provides a federal cause of action, § 1983 borrows the statute of limitations from the laws of the state in which the action arose. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). In New Jersey, the statute of limitations for personal-injury torts is two years. N.J. Stat. § 2A:14-2. However, while

state law provides the applicable statute of limitations, federal law controls when that the statute of limitations begins to accrue. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

Typically, federal law instructs that a § 1983 action accrues and begins to run when a plaintiff knows of or has reason to know of the injury. *See Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Significantly, accrual does not depend on whether the potential claimant knew or should have known that the injury constitutes a legal wrong. *See Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F.Supp.2d 477, 484 (W.D. Pa. 2011), *aff'd*, 504 F. App'x 182 (3d Cir. 2012). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634.

For claims of false arrest and false imprisonment, however, the statute of limitations begins to run "when the individual is released, or becomes held pursuant to legal process," *i.e.*, when the individual is arraigned. *Alexander v. Fletcher*, 367 F. App'x 289, 290 n. 2 (3d Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007)); *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 184 (3d Cir. 2013); *Clark v. Prison*, No. 15-6174, 2016 WL 5858985, at *3 (D.N.J. Oct. 6, 2016). As a result, although claims for false arrest and false imprisonment begin to *accrue* immediately upon the arrest at issue, the statute of limitations does not begin to *run* until a later time. *Clark*, 2016 WL 5858985, at *3; *McNamara v. Buehler*, No. 16-0841, 2016 WL 3965193, at *3 (D.N.J. July 22, 2016). *Compare Singleton v. DA Philadelphia*, 411 F. App'x. 470, 472 (3d Cir. 2011), *with Alexander*, 367 F. App'x at 290 n. 2 (citing *Wallace*, 549 U.S. at 389–90). These events may, of course, occur on the same day. *See Singleton*, 411 F. App'x. at 472.

4

With those principles in mind, Defendant Quinn argues that the Complaint is time-barred because he cannot assess Plaintiffs' claims without their release dates or the dates of their arraignments. (ECF No. 29-1, at 9.)  The flaw in this argument is that Plaintiffs are not required to plead facts to defeat an affirmative defense, such as a statute of limitations defense. *Schmidt v. Skolas*, 770 F.3d 241, 248–49 (3d Cir. 2014); *Kowalsky v. Deutsche Bank Nat'l Tr. Co.*, No. 14-07856, 2015 WL 5770523, at *6 (D.N.J. Sept. 30, 2015).  "[A] complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Schmidt*, 770 F.3d at 248.  In other words, a defendant may only raise a statute of limitations defense on a motion to dismiss, "where the complaint facially shows noncompliance with the limitations period." *Id.* at 249; *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002).

In the present case, the Complaint does not facially violate the limitations period,[4] (ECF No. 1, at 4–5), and Plaintiffs were not required to plead dates in anticipation of an affirmative defense.  *Schmidt*, 770 F.3d at 248.  Accordingly, the Court will deny Defendant Quinn's motion to dismiss, as to his statute of limitations claims.

**B. Failure to State a Claim**

Next, Defendant Quinn moves to dismiss the claims against him for failure to state a claim. (ECF No. 29-1, at 12.)  "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *E.g.*, *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).  To establish the

---

[4] The Court acknowledges that it is unlikely that Plaintiff Brown was detained without legal process from May 4, 2018, through June 8, 2018 (two years prior to the filing of the Complaint), but it is theoretically possible.  Additionally, the Complaint does not specify Plaintiff Mace's arrest date. (ECF No. 1, at 4–5.)

accompanying claim of false imprisonment under the Fourth Amendment, "a plaintiff must establish: (1) that [he] was detained; and (2) that the detention was unlawful." *Id.* at 682–83.

As mentioned above, the Complaint contains very few factual allegations. The Complaint only alleges that Defendant Quinn: (1) arrested Plaintiffs "absent probable cause"; (2) that he confined Plaintiffs even though he knew that they "did not violate any laws"; and (3) that he "ignored the facts" and arrested the wrong individuals. (ECF No. 1, at 4.) These allegations fail to explain how or why Plaintiffs' arrests lacked probable cause. Indeed, the Complaint fails to identify the charges at issue. (*Id*. at 4–5.)  Further, the Complaint fails to explain how Defendant Quinn "knew" that they were innocent, how Plaintiffs were the wrong individuals, or which "facts" he ignored in arresting Plaintiffs. (*Id.*)

Ultimately, Plaintiffs' claims are based on bare conclusions, which are insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678. Accordingly, the Court will grant in part Defendant Quinn's motion and dismiss without prejudice Plaintiffs' claims against Defendant Quinn. Additionally, for substantially the same reasons, pursuant 28 U.S.C. § 1915A, the Court will *sua sponte* dismiss without prejudice the remainder of Plaintiffs' claims, *i.e.*, Plaintiffs' Fourth Amendment claims against Defendant Van Syckle. Finally, as the Court intends to dismiss the Complaint, the Court declines to decide Defendant Quinn's qualified immunity claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant in part Defendant Quinn's motion to dismiss, dismiss without prejudice Plaintiffs' claims against Defendant Quinn, and *sua sponte* dismiss without prejudice Plaintiffs' claims against Defendant Van Syckle.  Plaintiffs shall have thirty days to submit an amended complaint that cures the deficiencies discussed above.  An appropriate Order follows.


Dated:  December 27, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**
